IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SORAYA VASQUEZ, on behalf of herself and
the classes defined herein

     Plaintiff,

DANIELS & NORELLI, PC and CACH LLC

     Defendants.

-----------------------------------------------------------X

Case No.: 11 Civ 0114 (PAC) (RLE)
Judge Crotty

**AMENDED COMPLAINT**

**CLASS ACTION**
**JURY TRIAL DEMANDED**

  Plaintiff, by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her class action complaint against the defendants alleges as follows:

### INTRODUCTION

  1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Daniels & Norelli, PC ("Daniels") and Cach LLC ("Cach"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and New York State General Business Law §349 ("GBL 349") for deceptive practices.

  2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f. The GBL §349 prohibits deceptive practices in business.

### JURISDICTION AND VENUE

  3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' communications were received by plaintiff within this District;

   b. Defendants do business within this District.

## PARTIES

5. Plaintiff, Soraya Vasquez ("Vasquez"), is an individual who resides in New York County, New York.

6. Defendant, Daniels, is a professional corporation chartered under New York law with offices at 900 Merchants Concourse, Suite 400, Westbury, New York 11590.

7. Defendant, Cach, is a corporation chartered under Colorado law, its registered agent to accept process is CT Corporation Sysytem, 111 Eighth Avenue, New York 10011.

8. Upon information and belief, Daniels is a law firm engaged in the business of collecting debts allegedly owed to others and is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

9. Upon information and belief, Cach is a buyer of defaulted debts and it is a debt collector as that term is defined in the FDCPA.

10. Cach and Daniels acted in concert in collecting this debt.

## FACTS

11. On or about September 1st 2009, Bronson & Migliaccio, LLP acting on behalf of Cach sent Vasquez a collection communication for her loan which represented a

financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal credit card. **See Exhibit A**

12. The balance stated $3,327.07.

13. Upon information and belief, Cach claims to own this account from the date of 8/2/2009.

14. On or about July 22nd, 2010, plaintiff received a letter from Daniels claiming her balance was $4,092.05. **See Exhibit B**

15. On or about October 26th, 2010 a complaint was filed against plaintiff for $3,327.07 with interest from 8/2/2009. **See Exhibit C**

16. Plaintiff's attorney requested by telephone an explanation as to why the balance had increased, and was told by a representative of Daniels that interest was accruing at 29.99%.

17. New York Banking Law § 14-a. Rate of interest; banking board to adopt regulations states:

1. The maximum rate of interest provided for in section 5-501 of the general obligations law shall be sixteen per centum per annum.

18. New York General Obligations Law § 5-501. Rate of interest; usury forbidden states:

2. No person or corporation shall, directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding [16%].

19. New York Penal Law § 190.40. Criminal usury in the second degree states:     A person is guilty of criminal usury in the second degree when, not being

authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period.

20. New York General Obligations Law § 5-511. Usurious contracts void states:

1. All bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever, except bottomry and respondentia bonds and contracts, and all deposits of goods or other things whatsoever, whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is prescribed in section 5-501, shall be void……

## CLAIM FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this complaint as though fully stated herein.

22. Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…..

(2) The false representation of-

(A) the character, amount, or legal status of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

Section 1692f entitled Unfair Practices provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

23. By charging an unlawful interest rate, defendants violated the above quoted provisions of the statute.

24. By attempting to collect on a void loan with a usurious interest rate, defendants violated the above quoted provisions of the statute.

25. As a result of the illegal conduct of the defendants, plaintiff is entitled to statutory damages of $1,000 pursuant to 1692k and actual damages of having the entire loan cancelled pursuant to 1692k.

## COUNT II

VIOLATIONS OF GENERAL BUSINESS LAW 349

26. Plaintiff incorporates paragraphs 1 through as though fully stated herein.

27. The conduct of Daniels and Cach in charging a usurious interest rate constitutes deceptive or materially misleading activity that is directed at consumers and the

public at large and caused consumers to suffer financial injuries of having increased debt as their debt was accruing interest at an illegal rate.

28.  As a result of the illegal interest rate which the defendants imposed, plaintiff is entitled to actual damages pursuant to GBL § 349 and New York Law requires that where a loan is shown to be usurious it must be cancelled and the lender forfeits both principal and interest.

## COUNT III

### New York General Obligations Law § 5-501

29.  Plaintiff incorporates paragraphs 1 through 26 as though fully stated herein.

30.  Because the loan from Cach to Vasquez constituted a usurious loan under New York State law, therefore the loan is considered null and void and Vasquez does not owe any money on this account.

## CLASS ALLEGATIONS

31.  Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

32.  The class consists of (a) all individuals (b) with a New York address (c) who have had an account with Cach LLC and/or where the debt buyer was represented by Daniels & Norelli, PC (d) where the interest exceeded 16% and/or 25% (e) on or after a date one year prior or three years prior to the filing of this action and on or before a date 20 days after the filing of this action.

33.  The class is so numerous that joinder of all members is not practicable.

34.  On information and belief, there are at least 40 members of the class.

35. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the activities of the defendants violate the FDCPA and/or the GBL 349.

36. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

38. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA and GBL § 349.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against defendant for:

   (1) Statutory damages, actual damages;

   (2) Attorney's fees, litigation expenses and costs of suit;

   (3) Such other and further relief as the Court deems proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
January 12, 2011

                                        **The Law Offices of Shimshon Wexler, PC**

By: _____
      Shimshon Wexler (SW0770)
      Attorney for Plaintiff
      2664 Broadway
      New York, New York 10025
      Tel: (212)760-2400
      Fax: (917)512-6132
      swexler@collectorabuselaw.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler